IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANNETTE THOMPSON AND
KIM BLACK                                                              PLAINTIFFS

VS.                                                   CIVIL ACTION NO. 2:11cv89-M-V

BAPTIST MEMORIAL HOSPITAL-DESOTO, INC., et al.,            DEFENDANTS

## ORDER

This cause is before the court on the defendant's motion to compel discovery (#64) and plaintiffs' motion for a protective order (#68). The court, having reviewed the record, the motion, the briefs of the parties, and the applicable law and having conducted a hearing in chambers finds as follows:

For the reasons announced by the court on the record during the motion hearing on June 5th, 2012, the court finds that the defendant's motion to compel (#68) shall be granted as modified by the court during the hearing on this motion. Specifically, the requested medical release shall be limited to a period of time commencing 7 years prior to the complained of conduct to the present.

The plaintiffs' motion for a protective order (#68) shall be denied for failure to follow the local rules. Local Rule 37(a) provides, among other things, that "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." Counsel shall then file along with its motion a Good Faith Certificate bearing the signature or endorsement of "all counsel." Because the certificate must be signed by all counsel, the procedure often alerts the allegedly derelict party that this is a matter of some seriousness. It also demands that the parties confer with more than simply a letter

and nothing else. This is to encourage counsel to confer and work together to prevent unnecessary court intervention and to foster communication and civility between the parties. However, the court notes that defense counsel has no objection to the filing of a protective order. The parties are therefore instructed to communicate and try to reach an agreement with regards to a protective order and submit a proposed order to the court.

IT IS THEREFORE ORDERED that the defendant's motion to compel (#64) is GRANTED AS MODIFIED and plaintiffs' motion for a protective order (#68) is DENIED. Parties to bear their own costs.

This, the 5th day of June, 2012.

/s/Jane M. Virden
U. S. MAGISTRATE JUDGE